IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CESAR PANIAGUA, DEVON EATON AND KELLIE RUSSELL,** ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED PLAINTIFFS, KNOWN AND UNKNOWN, <br><br> Plaintiffs, <br><br> v. <br><br> **SMOKE POST, SMOKE POST HARLEM LLC, SMOKE POST BUCKTOWN LLC, SMOKE POST DIVISION LLC, SMOKE POST BELMONT LLC, SMOKE POST LOOP LLC, SMOKE POST OLD TOWN, DIMITRI GROZDOV,** INDIVIDUALLY, AND **SMADJA ELAD,** INDIVIDUALLY <br><br> Defendants | **No.** 25 cv <br><br> **Honorable Judge** <br><br> **Magistrate Judge** <br><br> *JURY DEMAND* |

## COMPLAINT

NOW COME Plaintiffs, **CESAR PANIAGUA, DEVON EATON, AND KELLIE RUSSELL**, by and through their attorney, JOHN W. BILLHORN OF BILLHORN LAW FIRM, and for their Complaint against Defendants, **SMOKE POST, SMOKE POST HARLEM LLC, SMOKE POST BUCKTOWN LLC, SMOKE POST DIVISION LLC, SMOKE POST BELMONT LLC, SMOKE POST LOOP LLC, SMOKE POST OLD TOWN, DIMITRI GROZDOV, INDIVIDUALLY, AND SMADJA ELAD, INDIVIDUALLY,** state as follows:

**I.      NATURE OF ACTION**

1.      This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq* (IMWL) and the Chicago Minimum Wage Ordinance, CMWO§ 1-24-10 of the Municipal Code of Chicago.

Plaintiffs assert that the IMWL and CMWO claims are subject to class treatment pursuant to Federal Rule of Civil Procedure 23. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are residents of this district and Defendants are engaged in business in this district.

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois and City of Chicago statutory claims, pursuant to 28 U.S.C. §1367.

### III. THE PARTIES

3. Defendants, **SMOKE POST, SMOKE POST HARLEM LLC, SMOKE POST BUCKTOWN LLC, SMOKE POST DIVISION LLC, SMOKE POST BELMONT LLC, SMOKE POST LOOP LLC, SMOKE POST OLD TOWN,** (herein referred to as "Defendants"), are located throughout the Chicago area at various locations and provide cannabis, CBD and related paraphernalia products to the general public. Those locations include but are not limited to: 3411 N. Harlem Av., Chicago, 2112 W. Division St., Chicago, 1857 N. Milwaukee Av., Chicago, 166 W. Division Street, Chicago, 1063 W. Addison Chicago, and 905 W. Belmont, Chicago. See https://smokepost.com/

4. These corporate Defendants are an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and, based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendants were acting in the interest of and as the employer in relation to Plaintiffs and all putative Class members and therefore, as defined under the federal, state and municipal statutes relied upon herein, is an "employer."

5. Defendants, **DIMITRI GROZDOV AND SMADJA ELAD,** are owners and or high level managers of the corporate Defendants' SmokePost locations, and at all times relevant hereto were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, are/were "employers".

6. Plaintiffs, **CESAR PANIAGUA, DEVON EATON, AND KELLIE RUSSELL,** (hereinafter referred to as "Plaintiffs" or "Paniagua, Eaton and Russell"), are current or former employees who worked for Defendants at one or more of the various listed locations, performing a variety of duties including, but not limited to, customer service and various clerical tasks, all under the direction and control of Defendants' management and ownership. Plaintiffs were/are compensated on an hourly bases and paid a straight time rate of pay for all hours worked and were/are denied overtime compensation for hours worked in excess of 40 in a workweek.

7. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants in the same or similar capacity as described above and who were also not paid an overtime premium at a rate of one and one-half their regular rates of pay for hours worked in excess of 40 in a workweek. As employees performing duties for an enterprise engaged in commerce, Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

IV.   **STATUTORY VIOLATIONS**

      **Collective Action Under The Fair Labor Standards Act**

8. Pursuant to the FLSA, 29 U.S.C. §216(b), Count I of this action is brought by

Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the FLSA, Section 260.

### Illinois Minimum Wage Law

9. Pursuant to the IMWL, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by the named Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Chicago Minimum Wage Ordinance

10. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), §1-24-10 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

V. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

11. Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

12. Plaintiff **PANIAGUA** was employed by Defendants from approximately July, 2023 to September, 2024.

13. Plaintiff **EATON** was employed by Defendants from approximately March 2021 to February, 2024.

14. Plaintiff **RUSSEL,** is a current employee of Defendants and has been an employee since July 17, 2023.

15. Plaintiffs' daily job tasks included helping customers at the counter, dispensing of goods ordered, completing the purchases at the cash register, as well as other randomly assigned tasks and duties based on the work schedule assigned by Defendants

16. During Plaintiffs' employment, Defendants consistently assigned Plaintiffs to work as many as 25 hours or more at one of Defendants' various locations, and another 25 hours or more at one of the other locations during the same workweeks, and in an attempt to intentionally avoid the mandates of the wage and hour laws cited herein, paid Plaintiffs on a different payroll from each of the locations they performed work.

17. Over the course of their employment with Defendants, Plaintiffs, and similarly situated members of the Plaintiff class, were routinely scheduled to work at different store locations during the same workweek and were denied their rightful overtime rate of pay for all hours worked in excess of 40 hours a week. Defendants avoided the overtime rate of pay by paying their employees, such as the named Plaintiffs, from different payrolls from the different locations where the work was performed.

18. At no time during Plaintiffs' employment were they, or similarly situated members of the Plaintiff class, paid for their work hours over 40 per work week at an overtime rate of pay. The job duties and compensation structure utilized by Defendants to pay Plaintiffs, and members of the Plaintiff class, did not qualify under any of the overtime exemptions established by the FLSA, the IMWL and the CMWO and Plaintiffs and members

of the Plaintiff Class should have been paid time and one-half their regular hourly rate of pay for all hours worked over forty (40) in a workweek.

19. The total number of hours worked by the named Plaintiffs, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found at Title 29 CFR, Part 516.

20. The claims brought herein by the named Plaintiffs are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein.

21. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT

1-21. Paragraphs 1 through 21 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 21 of this Count I.

22. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiffs' reasonable attorney's fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-22. Paragraphs 1 through 21 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 21 of Count II.

23. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

24. Pursuant to the Fair Labor Standards Act, the named Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less

than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiffs' reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-24. Paragraphs 1 through 24 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 24 of Count III.

25. In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

26. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-26. Paragraphs 1 through 26 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 26 of this Count IV.

27. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

28. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due to an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty of treble those underlying damages, as well as 5% interest per month for each month following the date such underpayments remain unpaid.

29. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, the named Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which the named Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-29. Paragraphs 1 through 29 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 28 of this Count V.

30. Plaintiffs were "employees" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

31. Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

32. Under § 1-24-040, for all weeks during which Plaintiffs worked more than forty (40) hours, Plaintiffs are/were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

33. Defendants' failure and refusal to pay such wages for hours worked in excess of 40 per week was a violation of the provisions of the § 1-24-040.

WHEREFORE, Plaintiffs respectfully requests this Court to enter an order awarding:

(a) judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

(b) statutory interest damages in the amount of three times the amount of unpaid overtime;

(c) reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and (d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 02/28/2025*

/s/ John W. Billhorn

_____

John William Billhorn

Attorney for Plaintiffs and members of the Plaintiff Class, known and unknown

BILLHORN LAW FIRM
53 West Jackson Blvd, Suite 1137
Chicago, IL 60604
(312) 853-1450