**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CESAR PANIAGUA, DEVON EATON and KELLIE RUSSELL, ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED PLAINTIFFS, KNOWN AND UNKNOWN, | ) ) ) ) ) | **No. 25 cv 02120** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| SMOKE POST, SMOKE POST HARLEM LLC, SMOKE POST BUCKTOWN LLC, SMOKE POST DIVISION LLC, SMOKE POST BELMONT LLC, SMOKE POST LOOP LLC, SMOKE POST OLD TOWN, DIMITRI GROZDOV, INDIVIDUALLY, and SMADJA ELAD, INDIVIDUALLY | ) ) ) ) ) ) ) ) ) | **JURY DEMAND** |
| Defendants. | ) | |

**DEFENDANTS, SMOKE POST, SMOKE POST HARLEM LLC, SMOKE POST BUCKTOWN LLC, SMOKE POST DIVISION LLC, SMOKE POST BELMONT LLC, SMOKE POST LOOP LLC, SMOKE POST OLD TOWN, DIMITRI GROZDOV and SMADJA ELAD, ANSWER TO COMPLAINT**

NOW COME Defendants, SMOKE POST, SMOKE POST HARLEM LLC, SMOKE POST BUCKTOWN LLC, SMOKE POST DIVISION LLC, SMOKE POST BELMONT LLC, SMOKE POST LOOP LLC, SMOKE POST OLD TOWN, DIMITRI GROZDOV and SMADJA ELAD, by and through their attorney, Douglas B. Wexler, and for their Answer to Plaintiffs', CESAR PANIAGUA, DEVON EATON and KELLIE RUSSELL ("Plaintiffs") Complaint, state as follows:

I.  **NATURE OF ACTION**

1.      This action is brought under the Fair Labor Standards Act, 29 U.S. C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq* (IMWL) AND THE Chicago

1

Minimum Wage Ordinance, CMWO 1-24-10 of the Municipal Code of Chicago. Plaintiffs assert that the IMWL and CMWO claims are subject to class treatment pursuant to Federal Rule of Civil Procedure 23. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are residents of this district and Defendants are engaged in business in this district.

**ANSWER: Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§206-207, and for the supplemental Illinois and City of Chicago statutory claims, pursuant to 28 U.S.C. §1367.

**ANSWER: Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.**

III. **THE PARTIES**

3. Defendants, SMOKE POST, SMOKE POST HARLEM, LLC, SMOKE POST BUCKTOWN LLC, SMOKE POST DIVISION LLC, SMOKE POST BELMONT LLC, SMOKE POST LOOP, LLC, SMOKE POST OLD TOWN, (herein referred to as "Defendants"), are located throughout the Chicago area at various locations and provide cannabis, CBD and related paraphernalia products to the general public. Those locations include but are not limited to: 3411 N. Harlem Av., Chicago, 2112 W. Division St., Chicago, 1857 N. Milwaukee Av., Chicago, 166 W. Division Street, Chicago, 1063 W. Addison Chicago, and 905 W. Belmont, Chicago. See https://smokepost.com/.

**ANSWER: Defendants admit the allegations contained in Paragraph 3 of Plaintiffs' Complaint.**

2

4.      These corporate Defendants are an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and, based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).  During all relevant times, Defendants were acting in the interest of and as the employer in relation to Plaintiffs and all putative Class members and therefore, as defined under the federal, state and municipal statutes relied upon herein, is an "employer".

**ANSWER:   Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint and further states at least 3 of the stores made less than $500,000 annually and that each store is a separate legal entity.**

5.      Defendants, DIMITRI GROZDOV and SMADJA ELAD, are owners and or high level managers of the corporate Defendants' SmokePost locations, and at all times relevant hereto were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and stat statutes relied upon, are/were "employers".

**ANSWER:    Defendants DIMITRI GROZDOV and SMADJA ELAD admit that they were employers of SmokePost locations but deny the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint and demand strict proof thereof.**

6.      Plaintiffs, CESAR PANIAGUA, DEVON EATON, and KELLIE RUSSELL, (hereinafter referred to as "Plaintiffs" or "Paniagua, Eaton and Russell"), are current or former employees who worked for Defendants at one or more of the various listed locations, performing a variety of duties including, but not limited to, customer service and various clerical tasks, all under the direction and control of Defendants' management and ownership.  Plaintiffs were/are

compensated on an hourly basis and paid a straight time rate of pay for all hours worked and were/are denied overtime compensation for hours worked in excess of 40 in a workweek.

**ANSWER: Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint. Defendants provided additional hours to employees upon request.**

7. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants in the same or similar capacity as described above and who were also not paid an overtime premium at a rate of one and one-half their regular rates of pay for hours worked in excess of 40 in a workweek. As employees performing duties for an enterprise engaged in commerce, Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof. Further, not every employee worked over 40 hours a week.**

IV. <u>STATUTORY VIOLATIONS</u>

**Collective Action Under the Fair Labor Standards Act**

8. Pursuant to the FLSA, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and 29 U.S.C. §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count II seeks liquidated damages under the FLSA, Section 260.

**ANSWER: Defendants deny the allegations of paragraph 8 and further answer that Defendants did not willfully violate the FLSA as they relied upon professional advice as to how to set up each location, company and payroll.**

### Illinois Minimum Wage Law

9. Pursuant to the IMWL, 820 ILCS §105/1 *et seq.,* Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by the named Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.**

### Chicago Minimum Wage Ordinance

10. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), §1-24-10 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.**

V.      FACTUAL ALLEGAIONS RELAVANT TO ALL COUNTS

11.     Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

**ANSWER:   Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.   Further answering, most employees were not a "integral and indispensable" to each separate business.**

12.     Plaintiff **PANIAGUA** was employed by Defendants from approximately July 2023 to September, 2024.

**ANSWER:   Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.   Defendants have voluntarily provided payroll records to the Plaintiff's counsel to determine dates of employment for each employee.**

13.     Plaintiff **EATON** was employed by Defendants from approximately March 2021 to February 2024.

**ANSWER:   Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof. Defendants have voluntarily provided payroll records to the Plaintiff's counsel to determine dates of employment for each employee.**

14.     Plaintiff  **RUSSEL,** is a current employee of Defendants and has been an employee since January 17, 2023.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof. Defendants have voluntarily provided payroll records to the Plaintiff's counsel to determine dates of employment for each employee.**

15.     Plaintiffs' daily job tasks included helping customers at the counter, dispensing of goods ordered, completing the purchases at the cash register, as well as other randomly assigned tasks and duties based on the work schedule assigned by Defendants.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof. Defendants further state that each employee had separate and distinct tasks depending upon which separate location he or she worked at.**

16.     During Plaintiffs' employment, Defendants consistently assigned Plaintiffs to work as many as 25 hours or more at one of Defendants' various locations, and another 25 hours or more at one of the other locations during the same workweeks, and in an attempt to intentionally avoid the mandates of the wage and hour laws cited herein, paid Plaintiffs on a different payroll from each of the locations they performed work.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof. Defendants further state they did not willfully violate the FLSA as they relied upon professional advice as to how to set up each location, company and payroll.**

17.     Over the course of their employment with Defendants, Plaintiffs, and similarly situated members of the Plaintiff class, were routinely scheduled to work at different store locations

during the same workweek and were denied their rightful overtime rate of pay for all hours worked in excess of 40 hours a week. Defendants avoided the overtime rate of pay by paying their employees, such as the named Plaintiffs, from different payrolls from the different locations where the work was performed.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.**

18. At no time during Plaintiffs' employment were they, or similarly situated members of the Plaintiff class, paid for their work hours over 40 per work week at an overtime rate of pay. The job duties and compensation structure utilized by Defendants to pay Plaintiffs, and members of the Plaintiff class, did not qualify under any of the overtime exemptions established by the FLSA, the IMWL and the CMWO and Plaintiffs and members of the Plaintiff Class should have been paid time and one-half their regular hourly rate of pay for all hours worked over forty (40) in a workweek.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.**

19. The total number of hours worked by the named Plaintiffs, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found at Title 29 CFR, Part 516.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof. Defendants have voluntarily provided all the payroll records to Plaintiffs' counsel.**

20. The claims brought herein by the named Plaintiffs are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.**

## COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

1-21. Paragraphs 1 through 21 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 21 of this Count I.

**ANSWER: Defendants restate their answers and responses to Paragraphs 1 through 21 as if set forth fully herein as their answer to Paragraphs 1-21 of Count I of Plaintiff's Complaint.**

22. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.**

WHEREFORE, Respondents, respectfully requests this Court (i) enter an order dismissing Count I of Plaintiffs' Complaint and (ii) for such other and further relief that this Court deems appropriate and just.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-22. Paragraphs 1 through 21 of count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 21 of Count II.

**ANSWER: Defendants restate their answers and responses to Paragraphs 1 through 21 as if set forth fully herein as their answers to Paragraphs 1-22 of Count II of Plaintiff's Complaint.**

23. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 23 of Plaintiffs' Complaint and therefore deny same and**

**demand strict proof thereof. Defendants did not willfully violate the FLSA as they relied upon professional advice as to how to set up each location, company and payroll**

24.     Pursuant to the Fair Labor Standards Act, the named Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in three (3) years preceding the filing of this complaint.

**ANSWER:     Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 24 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.**

WHEREFORE, Respondents, respectfully requests this Court (i) enter an order dismissing Count II of Plaintiffs' Complaint and (ii) for such other and further relief that this Court deems appropriate and just.

## COUNT III

## LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT

1-24.     Paragraphs 1 though 24 of Count II are re-alleged and incorporated as through set forth fully herein as Paragraphs 1 through 24 of Count III.

**ANSWER:     Defendants restate their answers and responses to Paragraphs 1 through 24 as if set forth fully herein as their answer to Paragraphs 1-24 of Count III of Plaintiff's Complaint.**

25.     In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample

11

access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof. Defendants did not willfully violate the FLSA as they relied upon professional advice as to how to set up each location, company and payroll**

26. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

**ANSWER: Defendants deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.**

WHEREFORE, Respondents, respectfully requests this Court (i) enter an order dismissing Count III of Plaintiffs' Complaint and (ii) for such other and further relief that this Court deems appropriate and just.

<u>**COUNT IV**</u>

<u>**VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**</u>

1-26. Paragraphs 1 through 26 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 26 of this Count IV.

**ANSWER: Defendants restate their answers and responses to Paragraphs 1 through 26 as if set forth fully herein as their answer to Paragraphs 1-26 of Count IV of Plaintiff's Complaint.**

27.     As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violations of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

**ANSWER:     Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.**

28.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due to an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty of treble those underlying damages, as well as 5% interest per month for each month following the date such underpayments remain unpaid.

**ANSWER:     Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.  Defendants did not willfully violate the FLSA as they relied upon professional advice as to how to set up each location, company and payroll.**

29.     Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

**ANSWER:     Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint and demand strict proof thereof.  Defendants did not willfully or in bad faith violate the FLSA as they relied upon professional advice as to how to set up each location, company and payroll.**

WHEREFORE, Respondents, respectfully requests this Court (i) enter an order dismissing Count IV of Plaintiffs' Complaint and (ii) for such other and further relief that this Court deems appropriate and just.

## COUNT V

## SUPPLEMENTAL MUNICIPAL CLAIM
## VIOLATIONS OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-29.    Paragraphs 1 through 29 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 28 of this Count V.

**ANSWER:    Defendants restate their answers and responses to Paragraphs 1 through 29 as if set forth fully herein as their answer to Paragraphs 1-29 of Count V of Plaintiff's Complaint.**

30.    Plaintiffs were "employees" under CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO§ 1-24-050.

**ANSWER:    Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.**

31.    Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

**ANSWER:    Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.**

32.    Under § 1-24-10, for all weeks during which Plaintiffs worked more than forty (40) hours, Plaintiffs are/were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

**ANSWER:    Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint and therefore deny same and**

14

**demand strict proof thereof. Defendants did not willfully violate the law as they relied upon professional advice as to how to set up each location, company and payroll.**

33. Defendants' failure and refusal to pay such wages for hours worked in excess of 40 per week was a violation of the provisions of the § 1-24-040.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 33 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.**

WHEREFORE, Respondents, respectfully requests this Court (i) enter an order dismissing Count V of Plaintiffs' Complaint and (ii) for such other and further relief that this Court deems appropriate and just.

Respectfully submitted,

Electronically filed 6/5/2025

/s/ Douglas B. Wexler
Douglas B. Wexler

Attorney for Defendants

DOUGLAS B. WEXLER
77 W. Wacker Drive, 45th Floor
Chicago, IL 60601
(312) 236-2139
douglaswexler@sbcglobal.net

\

15

## <u>CERTIFICATE OF SERVICE</u>

I, Douglas B. Wexler, an attorney, hereby certify that on June 5, 2025, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Agreed Motion for Extension of Time to File Answer* and Certificate of Service to be served upon the parties listed below by electronic notice where indicated by the presence of an electronic address.

By:  /s/ Douglas B. Wexler

Attorney Code 33316
Douglas B. Wexler
Attorney for Defendants
77 W. Wacker Drive, 45th Floor
Chicago, IL 60601
(312) 236-2139
douglaswexler@sbcglobal.net

**<u>Registrants in the Case</u>**

**John William Billhorn**                **jbillhorn@billhornlaw.com**