IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CESAR PANIAGUA, DEVON EATON AND KELLIE RUSSELL, ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED PLAINTIFFS, KNOWN AND UNKNOWN, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 25 C 2120 |
| v. | ) ) | Hon. LaShonda A. Hunt District Judge |
| SMOKE POST, SMOKE POST HARLEM LLC, SMOKE POST BUCKTOWN LLC, SMOKE POST DIVISION LLC, SMOKE POST BELMONT LLC, SMOKE POST LOOP LLC, SMOKE POST OLD TOWN, DIMITRI GROZDOV, INDIVIDUALLY, AND SMADJA ELAD, INDIVIDUALLY | ) ) ) ) ) ) ) ) ) | Hon. Maria Valdez Magistrate Judge |
| Defendants | ) | |

**ORDER APPROVING FAIR LABOR STANDARDS ACT SETTLEMENT**

This matter coming before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal without Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement"),

IT IS ORDERED:

1. The Court approves the proposed Settlement, the release of claims set forth therein, and holds that the proposed Settlement is a fair and reasonable settlement of a *bona fide* dispute and the parties shall proceed to administer the Settlement in the manner and timeframe reflected in the Agreement.

2. The Court approves the appointment of ATTICUS ADMINISTRATION, 1295 Northland Drive, Suite 160 St. Paul, MN 55120 as the Administrator of this Settlement.

1

3. A one-step settlement approval process is appropriate. *See, e.g.*, *Bainter v. Akram Invests, LLC*, 2018 WL 4943884 (N.D. Ill. 2018); *Furman v. At Home Stores, LLC*, 2017 WL 1730995 (N.D. Ill. 2017); *Briggs v. PNC Financial Services Group, Inc.,* No. 15-cv-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016) citing *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016) ("'A one-step settlement approval process is appropriate[]'" in FLSA settlements.); *Castillo v. Noodles & Co.,* 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016) (granting request for one-step approval process); *Prena v. BMO Fin. Corp.*, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015) (same). Collective actions under 29 U.S.C. § 216(b) require workers to affirmatively opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 class action. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA."). Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (discussing due process concerns present in Rule 23 class action that are not present in FLSA collective actions); *Day v. NuCO2 Mgt.LLC*, 2018 WL 2473472 at *1 (N.D. Ill. 2018)

4. The Settlement Notice attached to the Joint Stipulation of Settlement as **Attachment 2** is approved. The Parties shall make any necessary corrections to the dates in the Settlement Notice. The direct issuance of settlement checks informs Settlement Class Members of the specific amounts of their individual Settlement Payments. The Settlement Notice sufficiently informs Settlement Class Members of the other key terms of the settlement, including how Settlement Class Members may participate (or not participate), how the Settlement Fund is being allocated, what the Settlement Payment represents and how it was calculated, the scope of the release, and the request for attorneys'

fees and costs. *See Koszyk*, 2016 WL 5109196, at *2 (N.D. Ill. Sept. 16, 2016) (approving class notice that, *inter alia*, described settlement terms and fee allocation); *Zolkos v. Scriptfleet, Inc.*, 2014 WL 7011819, at *6 (N.D. Ill. Dec. 12, 2014) (same); *Tobin v. Beer Capitol Distributing Inc.*, 2012 WL 5197976, at *3 (E.D. Wis. Oct. 19, 2012) (same). For purposes of this settlement, any Settlement Class Member who cashes his/her settlement check shall be deemed to be an Opt-In Plaintiff in this Action pursuant to 29 U.S.C. 216(b) and is bound by the release of claims set forth in the Settlement Agreement.

5. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

6. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Settlement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant(s), and the costs of the action." 29 U.S.C. § 216(b). The attorney's fees provision of the FLSA exists to enable plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail, and thereby to help ensure enforcement of the substantive provisions of the Act. 29 U.S.C. §216(b). Attorney's fees may be determined using either the percentage of the fund method or the lodestar method. *Florin v. Nationsbank of Ga., N.A.*, 34 F.3d 560, 566 (7th Cir. 1994). *See also*, *Americana Art China Co. v. Foxfire Printing & Packaging, Inc.*, 743 F.3d 243, 247 (7th Cir. 2014), *Pierce v. Visteon Corp.*, 791 F.3d 782 (7th Cir. 2015). However, "[t]he Seventh Circuit has endorsed the percentage-of-recovery method as the best way to calculate attorneys' fees when a settlement provides that class counsel will be paid from the settlement fund." *Martin v. Lexington Health Care Center of Chicago Ridge, Inc.*, 2015 WL 14073005, *4 (N.D. Ill. Mar. 5, 2015) (citing *Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998).

"In deciding fee levels in common fund cases, [the Seventh Circuit has] consistently directed district courts 'to do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time.'" *Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007). "The Seventh Circuit has instructed district courts to award attorneys' fees that approximate the market rate." *Winking v. Smithfield Fresh Meats*, 2022 WL 16706898, *3 (N.D. Ill. 2022). *See also Cline, et al v. DemandScience*, LLC., 1:23-cv-030454, Northern District of Illinois, ECF 73, The Honorable Jeffrey I Cummings, April 7, 2025.

7. In this case, Plaintiffs' counsel is seeking a percentage of the total settlement amount for attorney's fees, and thus, the market rate for the legal services provided by Plaintiffs' counsel is a contingency fee. *See Kirchoff v. Flynn*, 786 F.2d 320, 324 (7th Cir. 1986). The Seventh Circuit has recognized that "most suits for damages in this country are handled on the plaintiff's side on a contingent fee basis" and that the "typical contingent fee is between 33 and 40 percent." *Gaskill,* 160 F.3d at 362. *See also Sanchez v. Roka Akor Chicago LLC*, 2017 WL 1425837, *6 (N.D. Ill. Apr. 20, 2017) (approving attorney's fees in an amount equal to 39.5% of the common fund in wage and hour case). Here, the proposed payment of attorney's fees in the amount of 38% of the common fund is consistent with market rates and within the range of reasonableness, given the success of the settlement and the expertise of the Named Plaintiffs' attorney. Finally, the expenses forwarded by Plaintiffs' counsel for the damage expert calculations and filing costs are appropriate, Defendants do not object, and the Court hereby approves reimbursement of those expenses from the common fund as requested.

8. This case is DISMISSED WITHOUT PREJUDICE, each Party to bear their own attorneys' fees and costs except as otherwise provided by the Settlement. All pending deadlines are stricken as moot, and any tolling of the statute of limitations is terminated. At such time the

Administrator performs its final duties, and all funds are disbursed, the Parties shall cooperate in filing a Stipulation to Dismiss with prejudice, pursuant to Federal Rule of Civil Procedure 41.

9. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

**DATED**: October 6, 2025   **ENTERED**:

LaShonda A. Hunt
UNITED STATES DISTRICT JUDGE